IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALVIN LEE MARTIN and <br> CHERYL MARTIN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. 10-0501-KD-N |
| UNITED STATES OF AMERICA, | ) <br> ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the defendant's Motion to Dismiss for Lack of Jurisdiction (doc. 7). The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a) for entry of a Report and Recommendation. Upon consideration of the motion and brief in support (docs. 7,8), plaintiff's response in opposition (doc. 12 ), defendant's reply (doc. 16), plaintiffs' sur-response (doc. 17) and defendant's sur-reply (doc. 21) it is the recommendation of the undersigned that the motion to dismiss be GRANTED.

## Background

On December 4, 2006, the car in which plaintiffs Alvin and Cheryl Martin were travelling collided with a vehicle operated by Sherry Lynn Harris. Ms. Harris was employed by the United States Postal Service ("USPS") as a mail carrier, and was engaged in her duties at the time of the accident. Plaintiffs claim damages for injuries sustained as a result of that collision. Because the claim is made against the United States based upon a claim of negligence of an employee of the USPS who was acting within the course and scope of her employment, the claim is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 *et seq*.

Plaintiffs originally filed an action against Sherry Lynn Harris in the Circuit Court of Monroe County, Alabama, on December 2, 2008. Plaintiffs voluntarily dismissed the complaint on March 2, 2010, having filed an administrative claim as required by the FTCA on September 15, 2009. Plaintiff Cheryl Martin filed an administrative claim with the USPS on or about September 15, 2009, more than two years after the accident. The USPS did not issue a decision within six months after the claim was filed and therefore the claim was deemed denied on March 15, 2009. On September 13, 2010 Plaintiff, Cheryl Martin, filed the instant action. It is undisputed that Plaintiff Alvin Martin has never filed an administrative claim with the USPS arising out of the collision.

Analysis

The doctrine of sovereign immunity bars suit against the United States without its consent; waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. 392, 399 (1976). Congress expressed a limited waiver of sovereign immunity in the FTCA. 28 U.S.C. § 1346(b). Since the plaintiff's claims are brought against the United States under the FTCA, plaintiff may only proceed on these claims by complying with the requirements of the FTCA.

The FTCA sets forth explicit requirements prior to a plaintiff being able to bring suit. *See* 28 U.S.C. § 2675(a).[1] Specifically, a claimant must first present the claim in writing to the

---

[1] 28 U.S.C. § 2675(a) states, in relevant part, that: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section... ."

appropriate federal agency—the one whose employee was allegedly responsible for the tort—and wait for dispensation from that agency. 28 U.S.C. § 2401(a). The administrative claim must be filed within two years after the claim accrued. 28 U.S.C. § 2401(b).

"A district court only has jurisdiction over a FTCA action if the plaintiff has met section 2675(a)'s requirements." Burchfield v. United States, 168 F.3d 1252, 1253 (11th Cir. 1999) (*citing* Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983)). To satisfy the requirements of § 2675(a), a plaintiff must (1) provide the appropriate agency with written notice of his claim sufficient to enable the agency to investigate and (2) place a value on his claim. Id. (citations omitted). In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). Failure to comply with the administrative requirements mandates dismissal. 28 U.S.C. §2679(d)(5).

*Plaintiff Alvin Lee Martin*

In response to defendant's motion to dismiss, plaintiffs concede that Alvin Lee Martin failed to comply with the requirements of Section 2675(a) of the FTCA. Accordingly, the court lacks jurisdiction over all claims brought by Alvin Lee Martin and such claims are therefore due to be dismissed. *See* 28 U.S.C. § 2679(d)(5)(failure to comply with the administrative exhaustion requirements of 28 U.S.C. § 2675(a) mandates dismissal).

*Plaintiff Cheryl Martin*

Plaintiff Cheryl Martin argues that, though her administrative claim was not filed within two years of the occurrence, her administrative claim may nonetheless be deemed timely pursuant to 28 U.S.C. § 2679(d)(5), which provides:

> (5) Whenever an action or proceeding <u>in which the United States is substituted as the party defendant</u> under this subsection is dismissed for failure first to present a

claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, <u>and</u>

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5) (emphasis added)

Specifically, plaintiff argues, in sum, that her state court action was filed prior to the two year deadline and her administrative claim was filed prior to sixty days after dismissal of the civil action. (Doc. 17) Defendant maintains that plaintiff's filing of the action in Monroe Circuit Court does not satisfy the requirements of this section because the United States was never substituted as the party defendant. In addition, the defendant argues that the state court action was dismissed voluntarily rather than being dismissed for failure to first file the administrative claim; however, the administrative claim was filed prior to even the voluntary dismissal.

In response plaintiff contends that under the Westfall Act[2] it was the obligation of the United States "to certify, remove, substitute and file for dismissal in federal court." (Doc. 17 at 2) While it is true that plaintiff could not remove the action, § 2679(b)(3)[3] does allow her to

---

[2] The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d), commonly known as the Westfall Act, provides that when a cause of action is brought against a federal employee in state court, the Attorney General or her designee may certify that the employee was acting within the scope of her/his office or employment. After the employee has been certified as acting in the scope of employment, the Act requires substituting the United States as defendant and removing the suit to the U.S. District Court.

[3] Section 2679(b)(3) states:

In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the (Continued)

4

have petitioned for certification by the court and substitution of the United States as defendant. With regard to the issue of dismissal of the state court complaint, plaintiff asserts that she voluntarily dismissed for failure to first file the administrative claim.[4]

Plaintiff further argues that a strict reading of the statutory savings provision is inappropriate, pointing out that the filing of the action gave the agency notice of the claim within the two-year period, satisfying the policy behind the limitations period. She argues that her voluntary dismissal, as demanded by the government's attorney in correspondence, avoided the additional burden to the government of (1) certifying to the court[5] that the defendant was a federal employee acting within the course and scope of her employment, (2) removing the action to district court, (3) being substituted as the party defendant and (4) seeking dismissal of the action, and that she should thus not be penalized.

The FTCA is a narrow exception to sovereign immunity. Timely presentment of an administrative claim is a jurisdictional prerequisite to suit. The savings clause of § 2679(d)(5) is

---

provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

[4] As it is clear that the United States was never substituted as defendant in that action, the court need not decide the secondary issue of whether the other clause applies to voluntary dismissal which is alleged to have been made due to the failure to exhaust the plaintiff's administrative remedies.

Defendant contests plaintiff's claim that the U.S. Department of Justice was aware of the state-court litigation, noting that neither the Attorney General nor the United States Attorney were served with process. As defendant says, however, whether or not the Department of Justice was aware of the claim is "of no moment." Doc. 16 at 2 n.1.

[5] In correspondence between counsel, the Postal Service stated that the individual defendant was its employee, that she was acting within the scope of her employment, and that the FTCA applied.

an exception to the timely filing requirement. However, this exception to an exception is not broad. In McNeil v. U.S., 508 U.S. 106 (1993), the Court rejected a *pro se* plaintiff's argument that a civil action should be deemed to have been timely filed where it was filed four months prior to when he submitted his administrative claim, but where no substantial litigation activity had occurred in that case until after the denial of that claim.[6] While the issue currently presented is not addressed in McNeil, the strict construction of the filing requirement is instructive in this case.

The court must construe the savings clause in the context of the remainder of the statute, section and subsection of which it is a part. Subsection 2679(d) addresses in detail the requirements of certification, removal, substitution and dismissal of the state action; section 2679(d)(5) can not be divorced from this procedure. It clearly and unambiguously requires that the administrative claim be filed within two years of the incident from which the claim arose. Plaintiff's proposed reading would render substitution of the government as a party defendant and dismissal of the action unnecessary; such a liberal reading is thus at odds with the statutory scheme.[7] "It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable. We

---

[6] The Court accepted the finding of the lower court that plaintiff had done nothing after filing the claim which would have constituted commencement of a new action. It also rejected a liberal reading of the term "instituted" which would have included proceeding with a previously filed suit once the administrative claim was denied, where the government's interest in having an opportunity to settle the case was thus not prejudiced by the premature filing.

[7] Plaintiff does not argue that the limitations period should have been equitably tolled, nor does she offer any facts which would indicate that the untimeliness of the administrative claim was due to factors which would arguably support tolling.

should give them effect in accordance with what we can ascertain the legislative intent to have been." United States v. Kubrick, 444 U.S. 111, 125 (1979).

Because plaintiff failed to file a timely administrative claim, the undersigned concludes that the court lacks jurisdiction over this action. Accordingly, it is hereby RECOMMENDED that defendant's Motion to Dismiss be GRANTED[8] and that the instant action be DISMISSED for lack of jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 4th day of February 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Plaintiff's Response (doc. 12) includes a caption in the style of the case which reads "Oral Argument Requested." The undersigned finds the submissions of the parties to be sufficient to allow consideration of the issues raised, and does not believe that oral argument would assist the court. To the extent that the caption may be considered a proper request for oral argument, the request is denied.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
# AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS
# <u>CONCERNING NEED FOR TRANSCRIPT</u>

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson  
UNITED STATES MAGISTRATE JUDGE