IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALVIN LEE MARTIN and, ) | |
| CHERYL MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO 10-00501-KD-N |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Report & Recommendation (Doc. 21) regarding the Defendant's Motion to Dismiss (Doc. 7) and the Plaintiff's Objection thereto (Doc. 22).

Plaintiff first points out that 28 U.S.C. § 2679(d)(3) does not give the plaintiff the right to seek certification and substitution, rather this section pertains to the employee's right to seek certification. The court agrees and thus it is **ORDERED** that the following sentence is **STRICKEN** from the Report and Recommendation: "While it is true that plaintiff could not remove the action, § 2679(b)(3)[sic] does allow her to have petitioned for certification by the court and substitution of the United States as defendant." (Doc. 21 at 4-5).

Plaintiff also requests that this court find that the federal case against the United States was timely filed pursuant to § 2679(d)(5),[1] despite the fact the United States was never

---

[1] Section 2679(d)(5) provides as follows:

**(5)** Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if-- **(A)** the claim would have been timely had it been filed on the date the underlying

(Continued)

substituted as the party defendant in the state court case; a clear requisite to invoking the exception to the two year statute of limitation. The plaintiff's argument is as follows: The United States improperly failed to formally certify and substitute itself as the proper defendant in state court, thus this court should deem the United States to have been substituted and apply the exception of § 2679(d)(5).

The primary problem with this argument is that the court is without authority to rewrite the statute. The exception to the two year statute of limitation applies only when the United States has been substituted as a party defendant. The United States was not substituted as a party defendant. Moreover, any "legal obligation" that the United States had to "certify, remove, and substitute" was owed to the employee/defendant, not to plaintiff.

The plaintiff also makes an equitable argument. Plaintiff asserts that she should be able to invoke the reprieve of § 2679(d)(5) because she dismissed her state court case against the federal employee, before the United States was made a party, at the insistence of counsel for the United States Postal Service. In other words, the court should provide equitable relief from the statute of limitations because plaintiff acquiesced, without understanding the ramifications, to the request of counsel for the USPS. The plaintiff has cited no authority to support this request for equitable relief.

Apart from the foregoing findings -- and after due and proper consideration of all portions of this file deemed relevant to the issues raised and a <u>de novo</u> determination of those portions of the Report and Recommendation to which objection is made -- the remainder of the

---

civil action was commenced, and **(B)** the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636 and dated February 4, 2011, is **ADOPTED** as the opinion of this Court.

Accordingly, it is **ORDERED** that the Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and this action is **DISMISSED** for lack of jurisdiction.

**DONE** and **ORDERED** this the **25th** day of **February 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**